IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EMERGIS TECHNOLOGIES, INC., f/k/a<br>BCE EMERGIS TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MIDDLE TENNESSEE ELECTRIC<br>MEMBERSHIP CORPORATION,<br><br>Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Emergis Technologies, Inc., f/k/a BCE Emergis Technologies, Inc., by and through its undersigned attorneys, for its Complaint against Defendant Middle Tennessee Electric Membership Corporation, hereby demands a jury trial and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

### PARTIES

2. Plaintiff Emergis Technologies, Inc. f/k/a BCE Emergis Technologies, Inc. ("Emergis") is incorporated under the laws of the State of Delaware and has its principal place of business at 1600 International Drive, Suite 200, McLean, Virginia 22102.

3. On information and belief, Defendant Middle Tennessee Electric Membership Corporation is member-owned electric cooperative that is headquartered in Murfreesboro, Tennessee.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of Emergis' Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant Middle Tennessee Electric Membership Corporation because, among other things, on information and belief, Middle Tennessee Electric Membership Corporation has physically conducted and continues to physically conduct business throughout the State of Tennessee and in this judicial district, and is amenable to service of process here pursuant to Tenn. R. Civ. P. 4.04. Defendant maintains its principal place of business and headquarters in the State of Tennessee.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## BACKGROUND

7. Emergis is a leading North American eBusiness company that supplies technology solutions and services to the transaction-intensive financial services market in North America and Canadian health care and government sectors. Emergis' technology solutions allow the automation of transactions between partners, suppliers and clients, enabling them to interact and transact electronically more efficiently, faster, in a secure environment.

8. Emergis' expertise and core competencies lie in inter-company transactions processing principally in the health and finance segments, and more specifically in the areas of: (a) online processing, adjudication and payment of prescription drug, dental and other health care services claims; (b) enablement of electronic payments; and (c) paperless loan document processing. Emergis' customers include leading Canadian health insurers, U.S. banks, the top six Canadian banks and a number of North America's largest enterprises.

9.  On March 28, 2000, United States Patent No. 6,044,362 ("the '362 patent"), titled "Electronic Invoicing and Payment System" and naming as its sole inventor R. Alan Neely, was duly and legally issued by the United States Patent and Trademark Office. Emergis owns by assignment the entire right, title, and interest in the '362 patent such that it may enforce that patent. A copy of Emergis' '362 patent is attached hereto as **Exhibit A**.

10. The '362 patent broadly claims systems for automated electronic billing and payment, incorporating a wide variety of user interface facilities and mechanisms by which invoices may be presented and payment instructions may be initiated.

11. On information and belief, Defendant Middle Tennessee Electric Membership Corporation serves more than 160,000 electricity customers in a four-county area directly south of metropolitan Nashville. In support of this business, Middle Tennessee Electric Membership Corporation employs an electronic invoicing, payment, and presentment ("EIPP") facility to its customers via its Internet website. Customers may access this EIPP facility remotely using a personal computer to view invoices and initiate payment transactions to Middle Tennessee Electric Membership Corporation.

12. Middle Tennessee Electric Membership Corporation has had actual notice of the existence of the '362 patent.

### COUNT I
### MIDDLE TENNESSEE ELECTRIC MEMBERSHIP CORPORATION'S INFRINGEMENT OF THE '362 PATENT

13. Emergis repeats and realleges the allegations of paragraphs 1 though 12 as though fully set forth herein.

14. Middle Tennessee Electric Membership Corporation has been and is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '362 patent by making, using, importing into the United States, offering for sale, selling, and/or otherwise distributing electronic invoicing and payment technology in violation of 35 U.S.C. § 271.

15. Middle Tennessee Electric Membership Corporation's infringement has injured or will injure Emergis and Emergis is entitled to recover damages adequate to compensate it for Middle Tennessee Electric Membership Corporation's infringement, which in no event can be less than a reasonable royalty.

16. Middle Tennessee Electric Membership Corporation's infringement has been deliberate, willful, intentional, and with full knowledge of the existence of the '362 patent.

17. Middle Tennessee Electric Membership Corporation has caused and will cause Emergis substantial damage and irreparable injury by its infringement of the '362 patent, and Emergis will continue to suffer damage and irreparable injury unless and until Middle Tennessee Electric Membership Corporation is enjoined by this Court from continuing its infringement.

18. Emergis is entitled to injunctive and compensatory relief, including attorneys' fees and costs, as well as enhanced damages pursuant to 35 U.S.C. §§ 271, 281, and 283-85.

4
Case 3:06-cv-00052   Document 1   Filed 01/25/06   Page 4 of 6 PageID #: 16

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Emergis respectfully requests that this Court enter Judgment in favor of Emergis and against Middle Tennessee Electric Membership Corporation, and grant to Emergis all of the following relief:

A. Enter judgment that Middle Tennessee Electric Membership Corporation has infringed and is infringing the '362 patent;

B. Enter judgment that the aforementioned infringement by Defendant Middle Tennessee Electric Membership Corporation has been and is willful;

C. Enter orders preliminarily and permanently enjoining Middle Tennessee Electric Membership Corporation, and its respective officers, agents, employees, and all others in active concert or participation with Middle Tennessee Electric Membership Corporation or any of them from further infringing, whether directly or indirectly, the '362 patent;

D. Award Emergis its damages in an amount sufficient to compensate Emergis for Defendants' infringement of the '362 patent, together with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

E. Award enhanced damages to Emergis in an amount not less than three times the amount of compensatory damages awarded by this Court for Defendants' willful infringement of the '362 patent, pursuant to 35 U.S.C. § 284;

F. Declare this case to be "exceptional" under 35 U.S.C. § 285, and award Emergis its attorneys' fees, expenses, and costs incurred in this action; and

G. Award Emergis such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Emergis respectfully requests a trial by jury of all issues for which a trial by jury is available under applicable law.

Date: January 25, 2006

*Jonathan D. Rose*
Thor Y. Urness (No. 13641)
Jonathan D. Rose (No. 20967)
BOULT, CUMMINGS, CONNERS & BERRY, PLC
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
(615) 244-2582

**Of Counsel**
David K. Callahan
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200